José G. Salgado, Petitioner and Appellant, v. Board of Examiners of Accountants, Respondent and Appellee.

No. 5297. Argued December 19, 1930.—Decided January 21, 1931.

R. Rivera Zayas for appellant. James R. Beverley, Attorney General, and Felipe Janer, Assistant Attorney General, for appellee.

Mr. Justice Wolf delivered the opinion of the Court.

The respondent, the Board of Examiners of Accountants, refused to issue a license as an auditor or accountant to the appellant. He presented a petition of mandamus to the District Court of San Juan. That court, in a carefully reasoned opinion, held that by Act No. 42 of May 13, 1927, (Session Laws, p. 234) a certain discretion was vested in the board and the courts would only intervene in case of an abuse. In this court the appellant, it may be said, relies principally on Tirado v. Retirement Pension Board, 38 P. R.R. 901. In that case we held, among other things, that even though a board had a certain amount of discretion qua the weighing of evidence, if the duty to be enforced was clear a mandamus would issue, despite the supposed discretion. Judicial discretion and administrative discretion were distinguished. There was nothing in that case, however, which would give a court the general right to review by mandamus the refusal of a board to issue a license when as a step to the issuance of such license the law itself fixed a discretion in a board, as here. By the Act of May 13, 1927,

section 8, the board is given the right to determine whether the "firms or corporations" for whom petitioner worked as a supposed accountant or auditor have an accredited importance. "Of recognized importance, in the opinion of the board" says the law. The board among other things did not accept the references of the petitioner as being persons or corporations of recognized importance. Therefore, the court below was entirely right in holding that it was in general powerless to overrule the conclusion at which the board had arrived. The discretion here involved if not a judicial one, is by the act of the law tantamount thereto. The intention of the Legislature was that this determination by the board should in general be final.

Likewise, as we have partially indicated above, the right of petitioner in the *Tirado* case, *supra,* had accrued and the duty of the board to put him on the retired list was clear. We considered that the duty there was specially enforced by the law. In the present case the petitioner had no such acquired right and was bound to convince the board of his qualifications. *Llovet* v. *Board of Examiners of Engineers. etc.,* 40 P.R.R. 560, is a case distinct from the present one.

In general, too, where an applicant for a license has to convince a board of his qualifications, a mandamus should only issue where there has been a clear abuse of discretion.

The judgment will be affirmed.